UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CREDITOR REGENCY INVESTMENTS, LLC,<br><br>　　　　　　　　　　Appellant,<br>　　v.<br>DAVID ALI BERRY, et al.,<br><br>　　　　　　　　　　Appellees. | Case No. 2:15-cv-01524-MMD<br>Bankruptcy Case No. 15-13302-led, Chapter 7<br>Appeal Reference No. 15-28<br><br>ORDER |

Because Appellant has failed to timely file a designation of record, on October 27, 2015, Appellant was directed to show cause within ten (10) days as to why this appeal should not be dismissed pursuant to LR 8070(a). (Dkt. no. 6.) Appellant has not responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal*

*Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Appellee, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor ─ public policy favoring disposition of cases on their merits ─ is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Appellant to show cause expressly notifies Appellant of the consequences of its failure to comply. (Dkt. no. 6.) Thus, Appellant has adequate warning that dismissal would result from noncompliance with the Court's order.

It is therefore ordered that this appeal is dismissed based on Appellant's failure to comply with the Court's October 27, 2015, Order.

///

///

1 | The Clerk is directed to close this case.

2

3 | DATED THIS 10th day of November 2015.

4 | _____
MIRANDA M. DU
5 | UNITED STATES DISTRICT JUDGE

3